## 9014

### MEDLIN v. ADAMS GRAIN AND PROVISION CO.

(84 S. E. 864.)

EVIDENCE. TELEPHONE CONVERSATIONS. SALES. BREACH OF WARRANTY. MEASURE OF DAMAGES. CHARGE.

1. EVIDENCE—TELEPHONE CONVERSATIONS.—Where a corporation is called up over the telephone at its place of business, and some one answers showing familiarity with the matter about which inquiry is made, and stating he was one of the corporation, the conversation is admissible in evidence, especially where it is not denied, explained or contradicted when the corporation offered testimony.

2. SALES—FAILURE TO DELIVER—DAMAGES.—For breach of a contract to sell and deliver goods, the measure of damages is the difference between the contract price and the market price at the time of the breach of contract.

3. TRIAL—INSTRUCTIONS—ERROR CURED.—In an action for failure to deliver hay contracted for, where the Court erroneously charged that the measure of damages was the difference between the contract price and the highest market price of the same article at the time the suit was brought, the error was harmless, when corrected in other portions of the charge, stating that the measure of damages was the difference in the value of the article furnished and the article purchased at the time and place agreed upon for delivery, and where the verdict of the jury showed that they were not misled by the error; their judgment being greatly less than it would have been, had they fixed the damages under the Court's erroneous charge.

4. CHARGE—TRIAL.—It is the duty of counsel to listen to the charge and when called upon by the Court for further suggestions, to call its attention to any inconsistent instructions inadvertently given therein.

Before GARY, J., Bennettsville, Fall term, 1914. Affirmed.

Action by J. T. Medlin against Adams Grain and Provision Company. From judgment for plaintiff, defendant appeals.

*Mr. J. K. Owens,* for appellant, cites: *As to admissibility of telephone conversation:* 60 S. C. 67; 6 L. R. A. (N. S.)

FOOTNOTE.—As to conversation by telephones as evidence, see notes in 1 A. & E. Ann. Cas. 802; 20 A. & E. Ann. Cas. 705; 6 L. R. A. (N. S.) 1180; 17 L. R. A. 440.

1180; 35 Ill. App. 540; 103 Ill. Ap. 632; 27 Pa. Super. Ct. 366. *Measure of damages in trover:* 2 Speers L. 487; 6 Rich. L. 310. *In action for breach of contract:* Sutherland, Damages, 652; *Ib.,* p. 260; 25 Ind. 433; 4 U. S. (L. ed.) 200.

*Messrs. Townsend & Rogers,* for respondent, cite: *As to alleged error in charge:* 94 S. C. 224; 95 S. C. 104; 75 S. C. 349; 92 S. C. 119; 78 S. C. 200. *Not prejudicial:* 93 S. C. 299. *Admission of telephone conversation not prejudicial:* 91 S. C. 507; *Ib.* 50; 25 A. & E. Enc. of L. (1st ed.) 885; note in 6 L. R. A. 1185.

March 1, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages for breach of contract. The defendant-appellant agreed to deliver to plaintiff-respondent carloads of hay at different times and failed to do so. Plaintiff brought his suit, alleging that he has been damaged for the sum of $310.95. The cause was tried before Judge Frank B. Gary and a jury, at the Fall term of Court, 1914, for Marlboro county, and resulted in a verdict in favor of the plaintiff for $198.95. Defendant appeals and by four exceptions asks for a new trial. The first ground of appeal alleges error in admitting an alleged conversation over the telephone with the defendant over defendant's objection

It appears from the record that the plaintiff, Medlin, was on the stand and attempted to detail a conversation he had with the defendant over the telephone and upon objection the following took place: "The Court: Let him tell exactly what took place, and then I will determine. Q. Mr. Medlin, all that I care for you to say—did you make complaint as to the quality of the hay? A. I did. Objected to. The Court: He can tell what he

did.  Q.  Tell what you did?  A.  Well, I put in a long distance call for the Adams Grain and Provision Company. I had no acquaintance with them, and did not have the name of any.  After the connection was given I asked if it was them and they said it was, and I told them that I paid the draft for the hay and unloaded it, and that it was very inferior in quality, more inferior than what I bought.  They said they were surprised, that they had bought the hay from one of the most reliable shippers in the west, and they presumed the others would come up to grade.  The Court: The jury are the ones to judge whether he was talking to the Adams Grain and Provision Company or not.  He gives it as his opinion that he was.  Having explained what took place, I allow it to go to the jury, and they are to determine whether or not he was talking to the grain company."

This exception is overruled.  His Honor committed no error, and the defendant introduced testimony, but he did not deny, explain, or contradict the plaintiff on this point, and it was competent to go to the jury for what it was worth. Plaintiff put in a long distance call for defendant; he was connected with that office; some one responded; he made complaint as to quality of hay and the person conversing expressed surprise, telling how hay was procured, bought by them from another party for plaintiff, and showed a familiarity with the transaction from which jury could infer that the plaintiff had procured the right party, and the one he had asked to be connected with by long distance phone, the defendant in this case, and the admission of evidence is not shown to be prejudicial to the defendant.

Exceptions two, three, and four are practically the same, and allege error on the part of the presiding Judge in his charge to the jury as to the measure of damages.  While it is true that his Honor was in error in charging the jury that "the measure of damages was the difference in the contract price and the highest market price of the same article at the time the suit was brought,"

as the law is that the measure of damages is the difference between the contract price and the market price at the time of the breach of the contract, yet this is harmless in view of the fact that in other portions of his charge he told them that "the measure of damages would be the difference in the value of the article furnished and the article purchased at the time and the place agreed upon for the delivery." He told them this more than once. At the close of his charge the Judge asked if there was anything further, addressing himself to both counsel and defendant's counsel, asked for and obtained from the Court a further instruction, but overlooked what the Judge had charged in reference to damages. It is unfortunate that attorneys engaged in a case do not pay particular attention to Judge's charge so as to aid him when he calls upon them at close of charge for further suggestions in order that he may charge, or refuse, or correct, or explain. His Honor was not obliged to ask for an expression, but inasmuch as he did, if counsel had caught what he charged in reference to damages it would have been their duty to have called his attention to it. The jury, by their verdict, show that they were not misled by this error and that it was harmless, as they did not adopt the highest price as a measure of damages; they only awarded plaintiff judgment for $198.95, whereas he had sued for $310.95, and if they had fixed the highest price under his Honor's charge it would have been much more than amount found. We are therefore of opinion that his Honor's error was harmless and not prejudicial to the defendant, and all exceptions are overruled and judgment affirmed.